IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MATTHEW SCIABACUCCHI, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> PANDORA MEDIA, INC., GREGORY B. MAFFEI, ROGER CONANT FAXON, DAVID J. FREAR, JASON HIRSCHHORN, TIMOTHY LEIWEKE, ROGER J. LYNCH, MICHAEL M. LYNTON, JAMES E. MEYER, MICKIE ROSEN, SIRIUS XM HOLDINGS INC., and WHITE OAKS ACQUISITION CORP., <br><br> Defendants. | Case No. _____ <br><br> CLASS ACTION <br><br> JURY TRIAL DEMANDED |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1. This action stems from a proposed transaction announced on September 24, 2018 (the "Proposed Transaction"), pursuant to which Pandora Media, Inc. ("Pandora" or the "Company") will be acquired by Sirius XM Holdings Inc. ("Parent") and White Oaks Acquisition Corp. ("Merger Sub," and together with Parent, "Sirius").

2. On September 23, 2018, Pandora's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger with Sirius (the "Merger Agreement"). Pursuant to the terms of the Merger Agreement, Pandora's stockholders

will receive 1.44 shares of Parent common stock for each share of Pandora they own.

3. On October 31, 2018, defendants filed a Form S-4 Registration Statement (the "Registration Statement") with the United States Securities and Exchange Commission (the "SEC") in connection with the Proposed Transaction.

4. The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Pandora common stock.

9. Defendant Pandora is a Delaware corporation and maintains its principal executive offices at 2100 Franklin Street, Suite 700, Oakland, California 94612. Pandora's common stock

2

is traded on the NYSE under the ticker symbol "P." Pandora is a party to the Merger Agreement.

10. Defendant Gregory B. Maffei is Chairman of the Board of the Company.

11. Defendant Roger Conant Faxon is a director of the Company.

12. Defendant David J. Frear is a director of the Company.

13. Defendant Jason Hirschhorn is a director of the Company.

14. Defendant Timothy Leiweke is a director of the Company.

15. Defendant Roger J. Lynch is a director of the Company.

16. Defendant Michael M. Lynton is a director of the Company.

17. Defendant James E. Meyer is a director of the Company.

18. Defendant Mickie Rosen is a director of the Company.

19. The defendants identified in paragraphs 10 through 18 are collectively referred to herein as the "Individual Defendants."

20. Defendant Parent is a Delaware corporation and a party to the Merger Agreement.

21. Defendant Merger Sub is a Delaware corporation, a wholly-owned subsidiary of Parent, and a party to the Merger Agreement.

**CLASS ACTION ALLEGATIONS**

22. Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of Pandora (the "Class"). Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

23. This action is properly maintainable as a class action.

24. The Class is so numerous that joinder of all members is impracticable. As of September 21, 2018, there were approximately 269,739,919 shares of Pandora common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout

the country.

25. Questions of law and fact are common to the Class, including, among others: (i) whether defendants violated the 1934 Act; and (ii) whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

26. Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature. Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

27. The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

28. Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class. Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

29. According to its website, Pandora is the world's most powerful music discovery platform. The Company's team of musicologists analyze hundreds of attributes for each recording, which powers the Company's proprietary Music Genome Project®, delivering billions of hours of personalized music tailored to each music listener.

30. On September 23, 2018, Pandora's Board caused the Company to enter into the Merger Agreement.

31. Pursuant to the terms of the Merger Agreement, Pandora's stockholders will receive 1.44 newly-issued shares of Parent common stock for each share of Pandora they own.

32. According to the press release announcing the Proposed Transaction:

Sirius XM Holdings Inc. (NASDAQ: SIRI) and Pandora Media, Inc. (NYSE: P) today announced a definitive agreement under which SiriusXM will acquire Pandora in an all-stock transaction valued at approximately $3.5 billion. The combination creates the world's largest audio entertainment company, with more than $7 billion in expected pro-forma revenue in 2018 and strong, long-term growth opportunities.

This strategic transaction builds on SiriusXM's position as the leader in subscription radio and a critically-acclaimed curator of exclusive audio programming with the addition of the largest U.S. audio streaming platform. Pandora's powerful music platform will enable SiriusXM to significantly expand its presence beyond vehicles into the home and other mobile areas. Following the completion of the transaction, there will be no immediate change in listener offerings. . . .

Transaction Details

Pursuant to the agreement, the owners of the outstanding shares in Pandora that SiriusXM does not currently own will receive a fixed exchange ratio of 1.44 newly issued SiriusXM shares for each share of Pandora they hold. Based on the 30-day volume-weighted average price of $7.04 per share of SiriusXM common stock, the implied price of Pandora common stock is $10.14 per share, representing a premium of 13.8% over a 30-day volume-weighted average price. The transaction is expected to be tax-free to Pandora stockholders. SiriusXM currently owns convertible preferred stock in Pandora that represents a stake of approximately 15% on an as-converted basis.

The merger agreement provides for a "go-shop" provision under which Pandora and its Board of Directors may actively solicit, receive, evaluate and potentially enter negotiations with parties that offer alternative proposals following the execution date of the definitive agreement. There can be no assurance this process will result in a superior proposal. Pandora does not intend to disclose developments about this process unless and until its Board of Directors has made a decision with respect to any potential superior proposal.

Approvals

The transaction has been unanimously approved by both the independent directors of Pandora and by the board of directors of SiriusXM.

The transaction is expected to close in the first quarter of 2019. It is subject to approval by Pandora stockholders, expiration or termination of any applicable waiting period under the Hart-Scott-Rodino Antitrust Improvements Act and certain competition laws of foreign jurisdictions and other customary closing conditions.

*The Registration Statement Omits Material Information, Rendering It False and Misleading*

33.     Defendants filed the Registration Statement with the SEC in connection with the Proposed Transaction.

34.     As set forth below, the Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading.

35.     The Registration Statement omits material information regarding the Company's and Siruis's financial projections as well as the analyses performed by the Company's financial advisors in connection with the Proposed Transaction, Centerview Partners LLC ("Centerview") and LionTree Advisors LLC ("LionTree").

36.     The Registration Statement provides that:

On June 28, 2018, . . . Pandora's management [] discussed projected operating results under four scenarios, including the projections previously shared with the Pandora board of directors in October 2017, an updated version of such projections, reflecting both actual results for the interim period and updated assumptions based on new information about trends and company plans, and two additional scenarios reflecting varying assumptions regarding greater achievement of operating efficiencies and greater deployment of capital against growth strategies.

37.     However, the Registration Statement fails to disclose two of the four sets of projections for Pandora, instead only disclosing the "Pandora Scenario 1a Forecasts" and the "Pandora Scenario 2 Forecasts."

6

38. The Registration Statement also fails to disclose Sirius's financial projections.

39. With respect to Centerview's Discounted Cash Flow Analyses, the Registration Statement fails to disclose: (i) the inputs and assumptions underlying the discount rates ranging from 9.50% to 11.50%; (ii) the range of terminal values of Pandora; (iii) Pandora's net operating loss carryforwards ("NOLs") as used by Centerview in the analysis; (iv) Pandora's net debt and minority interests; (v) the number of fully diluted outstanding shares of Pandora common stock; and (vi) Centerview's basis for selecting multiples of 10.0x to 12.5x and 10.5x to 13.0x.

40. With respect to Centerview's Illustrative Present Value of Future Share Price Analysis of Pandora on an EV/Adjusted EBITDA Multiple Basis, the Registration Statement fails to disclose: (i) the ranges of implied enterprise and equity values of Pandora at the end of year 2024; (ii) Pandora's NOLs at the end of year 2024 as used by Centerview in the analysis; (iii) Pandora's net debt; (iv) the total number of outstanding shares of Pandora common stock on a fully diluted basis; (v) the individual inputs and assumptions underlying the discount rate to 11.5%; and (vi) Centerview's basis for applying NTM Adjusted EBITDA multiple ranges of 10.0x to 12.5x and 10.5x to 13.0x.

41. With respect to Centerview's Illustrative Present Value of Future Share Price Analysis of Pandora on an EV/Revenue Multiple Basis, the Registration Statement fails to disclose: (i) the implied equity values of Pandora at the end of each year; (ii) Pandora's NOLs at the end of each year as used by Centerview in the analysis; (iii) Pandora's net debt; (iv) the total number of outstanding shares of Pandora common stock on a fully diluted basis; (v) the individual inputs and assumptions underlying the discount rate to 11.5%; and (vi) Centerview's basis for applying EV/NTM Revenue multiples of 1.50x and 1.75x and 1.75x and 2.00x.

42. With respect to Centerview's Illustrative Future Share Price Analysis of Sirius XM Pro Forma for the Transactions on an EV/Adjusted EBITDA Multiple Basis, the Registration Statement fails to disclose: (i) the implied pro forma equity values of Sirius at the end of each year; (ii) Sirius's pro forma NOLs at the end of each year as used by Centerview in the analysis; (iii) Sirius's net debt; (iv) the total number of pro forma outstanding shares of Sirius common stock on a fully diluted basis; and (v) Centerview's basis for applying EV/NTM Adjusted EBITDA multiples of 17.4x and 18.4x.

43. With respect to Centerview's Selected Transactions Analysis, the Registration Statement fails to disclose the value of each transaction observed by Centerview in the analysis.

44. With respect to LionTree's DCF Analysis for Pandora on a Stand-Alone Basis, the Registration Statement fails to disclose: (i) the terminal values for Pandora; (ii) the inputs and assumptions underlying the discount rates ranging from 9.00% to 10.50%; (iii) Pandora's net debt; and (iv) the number of fully diluted outstanding shares of Pandora common stock.

45. With respect to LionTree's Analyst Price Target Analysis for Sirius XM, the Registration Statement fails to disclose the individual price targets observed by LionTree in the analysis.

46. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion. Moreover, when a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

47. The Registration Statement also omits material information regarding potential conflicts of interest of the Company's financial advisors.

48. The Registration Statement fails to disclose the circumstances under which "Pandora may pay LionTree an additional fee in its sole discretion in connection with the consummation of the transactions," as well as the estimated amount of such "additional fee."

49. The Registration Statement fails to disclose the estimated amount of compensation LionTree will receive for its engagement as special financial advisor to iHeart Media, Inc.

50. Additionally, the Registration Statement fails to disclose the terms of the engagement agreement entered into by the Company and its additional financial advisor, Morgan Stanley & Co. LLC ("Morgan Stanley"). Among other things, the Registration Statement fails to disclose the amount of compensation Morgan Stanley received or will receive in connection with its engagement. The Registration Statement also fails to disclose whether Morgan Stanley has performed past services for any parties to the Merger Agreement or their affiliates, and the timing and nature of such services and the amount of compensation received by Morgan Stanley for such services.

51. Full disclosure of investment banker compensation and all potential conflicts is required due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives.

52. The omission of the above-referenced material information renders the Registration Statement false and misleading, including, *inter alia*, the following sections of the Registration Statement: (i) Background of the Transactions; (ii) Pandora's Purpose and Reasons for the Transactions; Recommendations of the Pandora Board of Directors; (iii) Certain Financial Forecasts; and (iv) Opinion of Pandora's Financial Advisors.

53. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

### Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Pandora

54. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

55. The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. Pandora is liable as the issuer of these statements.

56. The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

57. The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

58. The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

59. The Registration Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

60. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

61. Because of the false and misleading statements in the Registration Statement, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants and Sirius

62. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

63. The Individual Defendants and Sirius acted as controlling persons of Pandora within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or directors of Pandora and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

64. Each of the Individual Defendants and Sirius was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

65. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were

11

thus directly involved in the making of the Registration Statement.

66. Sirius also had direct supervisory control over the composition of the Registration Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Registration Statement.

67. By virtue of the foregoing, the Individual Defendants and Sirius violated Section 20(a) of the 1934 Act.

68. As set forth above, the Individual Defendants and Sirius had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;


E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: November 15, 2018

**RIGRODSKY & LONG, P.A.**

By: */s/ Gina M. Serra*
Brian D. Long (#4347)
Gina M. Serra (#5387)
300 Delaware Avenue, Suite 1220
Wilmington, DE 19801
Telephone: (302) 295-5310
Facsimile: (302) 654-7530
Email: bdl@rl-legal.com
Email: gms@rl-legal.com

**OF COUNSEL:**

**RM LAW, P.C.**
Richard A. Maniskas
1055 Westlakes Drive, Suite 300
Berwyn, PA 19312
Telephone: (484) 324-6800
Facsimile: (484) 631-1305
Email: rm@maniskas.com

*Attorneys for Plaintiff*